IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-3-D

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| ROGER WATSON III, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

On May 18, 2021, Roger Watson, III ("Watson" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 41]. On October 5, 2021, Watson, through counsel, filed a memorandum in support [D.E. 45]. On October 19, 2021, the government responded in opposition [D.E. 48]. As explained below, the court denies Watson's motion.

I.

On April 4, 2016, without a plea agreement, Watson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See [D.E. 1, 21]. On July 12, 2016, the court held Watson's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 22]; [D.E. 27, 29]; Sentencing Tr. [D.E. 37] 4. The court calculated Watson's total offense level to be 25, his criminal history category to be IV, and his advisory guideline range to be 84 to 105 months' imprisonment. See Sentencing Tr. at 5. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Watson to 102 months' imprisonment. See id. at 5–23;

[D.E. 29]. On July 18, 2016, Watson appealed. See [D.E. 31]. On January 12, 2017, the United States Court of Appeals for the Fourth Circuit granted Watson's motion to dismiss his appeal. See [D.E. 39, 40].

On May 18, 2021, Watson moved for compassionate release. See [D.E. 41]. The government opposes the motion. See [D.E. 48].

II.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's

2

application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992

---

      (C)  Family Circumstances.—

           (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

           (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

      (D)  Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Watson applied to the warden at USP Coleman for compassionate release. See [D.E. 45] 2. On November 5, 2020, the warden denied Watson's request. See [D.E. 41-1]. Therefore, Watson has met the exhaustion requirement, and the court addresses his motion on the merits. Cf. United States v. Muhammad, 16 F.4th. 126, 130 (4th Cir. 2021).

Watson seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his health conditions, and his rehabilitation efforts. See [D.E. 41] 1–4; [D.E. 45] 4–8. As for the medical condition of the defendant policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Watson argues that his asthma and history of smoking cigarettes and marijuana put him at heightened risk of serious infection from COVID-19. See [D.E. 41] 2; [D.E. 45] 1, 4. Watson references studies about the severity of COVID-19, the effect of certain conditions on that risk, and the difficulty of controlling COVID-19 in prison. See [D.E. 45] 4–5. Watson, however, has received

5

two doses of a COVID-19 vaccine. See [D.E. 48] 4; [D.E. 45-2] 59; cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); see also United States v. Baeza-Vargas, No. No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349, at *2–4 (D. Ariz. Apr. 5, 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"). Furthermore, Watson does not argue he is unable to manage his health conditions while incarcerated or that the BOP is not treating his conditions. Accordingly, reducing Watson's sentence does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Watson's health conditions, and his efforts at rehabilitation are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, Watson's vaccinated status greatly diminishes the risk to Watson from COVID-19. Cf. Broadfield, 5 F.4th at 803; Baeza-Vargas, 2021 WL 1250349, at *2–4. Moreover, the section 3553(a) factors counsel against reducing Watson's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Watson is 35 years old and is incarcerated for being a felon in possession of a firearm. See PSR ¶¶ 1–3; [D.E. 29]. Watson incurred this felon-in-possession conviction after being arrested for

6

two burglaries in which he stole five firearms, multiple electronic devices, tools, prescription pain killers, and checkbooks. See PSR ¶¶ 4–8. Watson is a validated gang member with a violent and prolonged criminal history. See id. at 2, ¶¶ 13–25. Watson has convictions for possession of a handgun by a minor, misdemeanor breaking and entering, larceny (three counts), resisting a public officer, simple assault, possession of marijuana, felony breaking and entering, selling cocaine, public disturbance, possession of cocaine, possession of a firearm by a felon, and selling and delivering marijuana. See id. ¶¶ 13–25. Watson has a poor record on supervision. See id. ¶¶ 18, 20, 23, 25. Moreover, while incarcerated in state prison, Watson incurred 11 infractions. See id. ¶ 25.

Watson has made some positive efforts while federally incarcerated. See [D.E. 45-1] 1–2. For example, Watson has worked toward getting his GED and has taken numerous educational courses. See id. Watson has also maintained employment while incarcerated and has worked as an orderly, in food service, and in education. See id. at 1. However, Watson has incurred multiple infractions while federally incarcerated, including for possessing dangerous weapons (three counts) and an assault in 2020. See id. at 2; [D.E. 48-1].

The court must balance Watson's positive efforts with his serious criminal conduct and horrible criminal history, his mixed performance in federal custody, his poor performance on supervision, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also has considered Watson's potential exposure to COVID-19, his medical conditions, his rehabilitative efforts. The court recognizes Watson's supportive mother would help him if he was released. See [D.E. 45] 7. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the

7

section 3553(a) factors, Watson's arguments, the government's persuasive response, the need to punish Watson for his serious criminal behavior, to incapacitate Watson, to promote respect for the law, to deter others, and to protect society, the court denies Watson's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 41].

SO ORDERED. This 28 day of February, 2022.

JAMES C. DEVER III
United States District Judge